UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

THOMAS WILLIAMS, JR.                          CIVIL ACTION

VERSUS                                        NUMBER: 05-0206

N. BURL CAIN, WARDEN                          SECTION: "F"(5)


                    REPORT AND RECOMMENDATION

   Pursuant to a remand by the United States Court of Appeals for the Fifth Circuit and a subsequent order of reference from the District Judge, this matter comes before the Court for a determination of the timeliness of petitioner's appeal of the Court's prior judgment dismissing his habeas petition. (Rec. docs. 16, 17, 9, 8). For the reasons that follow, it is recommended that Williams' notice of appeal be deemed to be timely-filed.

   On November 29, 2005, judgment was entered dismissing Williams' habeas petition with prejudice. (Rec. doc. 8). Under Rules 4(a)(1)(A) and 26(a)(3) of the Federal Rules of Appellate Procedure, to be timely petitioner's notice of appeal had to be filed on or before December 29, 2005. An inmate's notice of appeal is timely-filed if it is delivered to prison officials, for forwarding to the Clerk of Court, within the time prescribed by

Rule 4(a)(1)(A).  See Fed.R.App.P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988).

In this case, Williams' notice of appeal was dated December 16, 2005 but it was not received by the Clerk's office and formally filed in the record until January 12, 2006. (Rec. doc. 9). In keeping with the spirit of Rule 4(c)(1) and Houston v. Lack, the Court directed Williams to file an affidavit stating precisely when he gave his notice of appeal to prison officials to be mailed to the Court.  (Rec. doc. 18).  By way of two separate filings, Williams has provided the Court with: 1) an affidavit attesting to the fact that he gave his notice of appeal to Classification Officer D. Duncan on December 27, 2005, and 2) a copy of an "Inmate's Request for Legal/Indigent Mail" form receipt dated December 27, 2005 which appears to bear the signatures of Williams and Officer Duncan and indicates that a piece of mail was indeed requested to be forwarded to this Court on that date. (Rec. docs. 21, 19).  Counsel for respondent has advised the Court that he has no reason to challenge the accuracy of petitioner's representations.  That being the case, it will be recommended that Williams' notice of appeal be deemed to be timely-filed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that an order be issued declaring that Williams' notice of appeal was timely-filed.

A party's failure to file written objections to the proposed

2

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  15th  day of      June      , 2006.

*[signature: Alma L. Chasez]*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE